IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DARREN L. DUBROCK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 4:11CV324 |
| | § | |
| GMAC MORTGAGE LLC, f/k/a | § | |
| GMAC MORGAGE CORPORATION | § | |
| d/b/a DITECH.COM, MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS and GEORGE M. SHANKS, JR. | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**</u>

Now before the Court is Defendant GMAC Mortgage LLC's Motion to Dismiss (Dkt. 8). As set forth fully below, the motion is GRANTED.

On April 4, 2011, Plaintiff filed this action in the District Court of the 431st Judicial District of Denton County, Texas. Plaintiff's claims here arise from his October 2001 purchase of a home in the Colony and an attempted foreclosure on it. According to Plaintiff's petition, the original Deed of Trust named Defendant MERS as the beneficiary, but MERS subsequently assigned its interest in the note to Defendant GMAC. In his state court petition, Plaintiff claimed that Defendant MERS lacked the requisite authority to assign, sell or transfer the mortgage on the Property. Plaintiff alleges that MERS never held the Note and purportedly split the Note and the Deed of Trust, which resulted in a subsequent faulty assignment of the Note and Deed of Trust to Defendant. Plaintiff further

1

claims that Defendant bifurcated the Note and Deed of Trust by granting the deed of trust to MERS as the beneficiary, thereby rendering the mortgage a nullity.  Plaintiff asserted the following claims: violations of the Texas Debt Collection Practices Act and Deceptive Trade Practices Act, Accounting, Declaratory Judgment, and Suit to Quiet Title and Trespass to Try Title.  *See* Dkt. 4.

Defendant GMAC removed the case to this Court on June 3, 2011 based on diversity jurisdiction and filed its motion to dismiss on July 22, 2011.  *See* Dkts. 1 & 8.  On December 6, 2011, this case was assigned to the undersigned by consent of the parties.  *See* Dkt. 13.

In its motion to dismiss for failure to state a claim, Defendant argues that Plaintiff's underlying theory in this case that MERS lacked "the requisite legal authority to assign, transfer, and/or sell the mortgage" has been repeatedly rejected by courts across the country, including this one.  This Court agrees.

The security instrument here provides:

TRANSFER OF RIGHTS IN THE PROPERTY
The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described Property located in, the County of Denton:

Dkt. 1-3.

Plaintiff has argued that MERS' assignment of the mortgage was invalid.  Under the Texas Property Code, a mortgagee may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale.  *See* Tex. Prop. Code. Ann. § 51.0025.  Here, the Security Instrument identified MERS as the beneficiary and the nominee for the original lender and its successors and assigns.  *See*

2

Dkt. 1-3.  Thus, MERS is a mortgagee under the Texas Property Code.  *See* TEX. PROP. CODE ANN. § 51.0001(4).  As a mortgagee, MERS could authorize Defendant GMAC Mortgage LLC to service the loan and foreclose.  *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, 3 (E.D. Tex. 2011). Various opinions within the Fifth Circuit have rejected Plaintiff's argument that MERS' assignment of the mortgage was invalid and, without any factual distinctions by Plaintiff here, the Court declines to re-plow well harvested ground.  *See, e.g., Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiffs' attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. Jun. 10, 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. Mar. 24, 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. Jun. 2, 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. Jul. 7, 2011).

As to Plaintiff's claims under the TDCA and DTPA, Defendant argues that Plaintiff has not alleged any specific facts in support of the alleged statutory violations.  The Court agrees that Plaintiff's purported claims fail to state any specific underlying facts to support them.  Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007).  The complaint must be factually suggestive, so as to "raise a right to relief above

the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)).  For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

In support of his claims under the TDCA, Plaintiff alleges that Defendant violated §§ 392.301(a)(8), 392.303(a)(2), 392.304(a)(8), and 392.304(a)(19) of the Texas Finance Code.  Section 292.301(a)(8) prohibits threatening to take an action prohibited by law.  Section 392.303(a)(2) of the Texas Finance Code prohibits a debt collector from collecting or attempting to collect interest or charges not authorized by the Note, Deed of Trust or Applicable law. Section 392.304(a)(8) prohibits misrepresenting the character, extent, or amount of consumer debt, and Section 392.304(a)(19) prohibits the use of false representations or deceptive means to collect a debt or obtain information concerning a consumer.  Plaintiff's petition states no facts alleging Defendant took any illegal actions, attempted to collect unauthorized charges, misrepresented the character of the debt, or used deceptive means to collect a debt.  Therefore, those claims are dismissed.

As to Plaintiff's DTPA claim specifically, Plaintiff has not stated any facts showing his status as a "consumer" in order to bring a claim under the DTPA.  To establish consumer status under the DTPA, a plaintiff must be "an individual ... who seeks or acquires by purchase or lease, any goods or services ...."  TEX. BUS. & COM. CODE § 17.45(4).  Generally, loans of money or

extensions of credit are not considered "goods" or "services" that can form the basis of a DTPA claim. *Gomez v. Wells Fargo Bank, N.A.*, 2010 WL 2900351, 3 (N.D. Tex. 2010) (where party was attempting to only borrow money and not purchase a good or a service, it did not satisfy the requirements for consumer status under the DTPA and therefore failed to state a claim pursuant to the Texas Deceptive Trade Practices Act); *Guardian Life Ins. Co. v. Kinder*, 663 F. Supp.2d 544, 553 (S.D. Tex. 2009); *La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558, 567 (Tex. 1984); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174 (Tex. 1980); *Maginn v. Norwest Mortgage, Inc.,* 919 S.W.2d 164, 166-67 (Tex. App.-Austin 1996, no writ).  However, a party who obtains a loan which is "inextricably intertwined" in the purchase or lease of a good or service may qualify as a consumer.  *Knight v. Int'l Harvester Credit Corp.,* 627 S.W.2d 382, 389 (Tex. 1982) (finding that a bank customer qualified as a consumer because he sought financing to purchase a dump truck); *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 707 (Tex. 1983) (holding that party was a consumer when party's mortgage loan was intertwined with contractor's agreement to build a house); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App. – Fort Worth 2007, pet. denied) (the refinance of home equity loan cannot qualify as a good or a service under the DTPA); *Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp.2d 842, 855 (N.D. Tex. 2006) (one who obtains a home equity loan does not obtain a "good" or a "service" to qualify as a consumer under the DTPA).  Here, other than the conclusory allegation that he is a consumer, Plaintiff has not alleged any facts to show how he qualified as a consumer.  Therefore, he has insufficiently stated a claim under the DTPA and any claims thereunder are dismissed.

Acknowledging the differing pleading standards in state and federal court, this Court gave Plaintiff an opportunity to re-plead once the case was removed to this Court. *See* Dkt. 7. Plaintiff did not re-plead and has offered insufficient facts to support the grounds for each of his stated causes of action. Therefore, the Court finds that Plaintiff's claims regarding the TDCA and DTPA should be dismissed.

Similarly, Plaintiff has failed to state any facts to show that he has superior title to Defendant, causing his trespass to try title claim to fail. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (noting that a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned to prevail in a trespass-to-try-title action). As noted above, Plaintiff has not pleaded any facts that would invalidate the mortgage agreements or make the foreclosure proceedings void.

Further, because Plaintiff has failed to state any facts entitling him to any relief, he is not entitled to an accounting or declaratory judgment. *See Animale Group Inc. v. Sunny's Perfume Inc.*, 256 Fed. Appx. 707, 709 (5th Cir. 2007) (accounting is generally an equitable remedy) (citing *Maltina Corp. v. Cawy Bottling Co.,* 613 F.2d 582, 584-85 (5th Cir.1980)); *California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie.").

Defendant GMAC Mortgage LLC's Motion to Dismiss (Dkt. 8) is GRANTED and Plaintiff's claims against Defendant GMAC Mortgage are dismissed with prejudice. Plaintiff has also named MERS and George M. Shanks, Jr. as Defendants but it appears neither has been served or appeared

in this suit.  The Court has reviewed the petition and finds it fails to state a claim against either of

those Defendants.  Therefore, this matter shall be dismissed in its entirety.

       **SO ORDERED.**

       **SIGNED this 27th day of February, 2012.**


_____

DON D. BUSH

UNITED STATES MAGISTRATE JUDGE